**Affirmed and Majority and Concurring Memorandum Opinions filed March 12, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-17-00902-CR

---

## DOUGLAS HARRY YOUNG, Appellant

### V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the 212th District Court
Galveston County, Texas
Trial Court Cause No. 16CR2784**

---

## CONCURRING MEMORANDUM OPINION

Although I concur in the judgment, I wish to express a concern with the underlying constitutional implications of appellant's conviction.

The People are guaranteed a limited number of fundamental and clearly established constitutional rights; the right to due process of law is indisputably on

this preciously short list.[1] Here, the putative victim of the aggravated sexual assault did not have a guardian and the record is devoid of any evidence that she has ever been the subject of a proceeding that adjudicated her to be incompetent; therefore, she is to be presumed competent for all relevant purposes as a matter of law.[2] Our decision today, however, effectively approves the jury's determination that she is incompetent. I find this determination (and the implications thereof) constitutionally troubling.

Specifically, the putative victim has now been deprived of (*inter alia*) the ability to have sexual relations without exposing her partners to the prospect of lengthy prison sentences even though the record lacks any evidence she was provided with either notice that her competence would be adjudicated or an opportunity to be heard. This outcome is particularly troubling because the alleged victim was not a party to the proceedings below; as a result, she appears to lack standing to contest the jury's determination or its effects on her.

---

[1] *See* U.S. Const. amend. XIV, § 1; *see also* Tex. Const. art. I, § 19 ("No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.") and MAGNA CARTA, ch. 39 ("No free man shall be seized or imprisoned, or stripped of his rights or possessions, or outlawed or exiled, or deprived of his standing in any other way, nor will we proceed with force against him, or send others to do so, except by the lawful judgment of his equals or by the law of the land."). *Cf. Benge v. Williams,* 472 S.W.3d 684, 739 (Tex. App.—Houston [1st Dist.] 2014) (Jennings, J., dissenting from denial of en banc reconsideration) ("As illustrated by Dickens's tale, if we, as lawyers and judges in the year 2015, want to preserve and protect the 800-year-old legacy of Magna Carta, we must be ever vigilant in the performance of our duties as stewards and 'guardians of the law.'"), *aff'd*, 548 S.W.3d 466 (Tex. 2018), and *Turner v. Robinson,* 534 S.W.3d 115, 128 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

[2] Tex. Health & Safety Code Ann. § 592.021 ("Each person with an intellectual disability has the right to…presumption of competency."). *See also* Tex. Health & Safety Code Ann. § 592.011 (a) ("Each person with an intellectual disability in this state has the rights, benefits, and privileges guaranteed by the constitution and laws of the United States and this state.") and Tex. Health & Safety Code Ann. § 591.002 (e) ("[P]ersons with an intellectual disability who have not been adjudicated incompetent and for whom a guardian has not been appointed by a due process proceeding in a court have the same rights and responsibilities enjoyed by all citizens of this state.").

Although appellant summarily mentions that the alleged victim's constitutional rights are affected by his conviction, these issues were not presented to the trial court below (thereby highlighting the implicated inequities). Additionally, appellant's constitutional attack is expressly limited to Texas Code of Criminal Procedure § 38.072 (Hearsay Statement of Certain Abuse Victims); as a result, the constitutionality of the statutory scheme which authorizes Texas juries to effectively determine the competence of abuse victims was neither presented to the trial court nor properly briefed herein. Therefore, the alleged victim in this case had her rights effectively adjudicated without due process yet has no immediately apparent remedy therefor; this outcome is anathema under our system of laws.[3]

We are powerless to disturb a jury's determination of properly submitted factual determinations (absent errors that are not presented herein); however, the instant case presents us with a statutory scheme that appears to effectively punish disabled people who voluntarily participate in the judicial process. While I believe it is beyond dispute that we as a society have a responsibility to care for those who are incapable of caring for themselves, the judiciary remains entrusted with the solemn obligation to ensure that the People's clearly established constitutional rights remain clearly established. I therefore write separately simply to identify the constitutional threat presented herein in the hopes that (1) parties will both timely present these concerns to trial courts and properly brief them on appeal and (2) the

---

[3] *See Marbury v. Madison*, 1 Cranch 137, 163, 2 L. Ed. 60 (1803) ("'[I]t is a general and indisputable rule, that where there is a legal right, there is also a legal remedy by suit, or action at law, whenever that right is invaded.'") (quoting 3 W. BLACKSTONE, COMMENTARIES *23). *See also Bledsoe v. Int'l R.R. Co.,* 40 Tex. 537, 594 (1874).

Legislature will acknowledge and address the dangers presented by Texas statutes relating to the sexual assault of those who are disabled.

/s/ Meagan Hassan
Justice

Panel consists of Justices Christopher, Jewell, and Hassan (Christopher, J., majority).

Do Not Publish — Tex. R. App. 47.2(b).